## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

BRIAN D SWANSON,

        Plaintiff,

    v.

STATE OF GEORGIA.

        Defendant.

Civil Action No.:
1:21-cv-00020-JRH-BKE

---

### STATE OF GEORGIA'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT

---

The State of Georgia, through Counsel, submits this brief in support of its Motion to Dismiss Plaintiff's Complaint, (Doc. 1), for insufficient service of process; lack of subject matter jurisdiction; Eleventh Amendment Immunity; and failure to state a claim upon which relief can be granted, pursuant to the Eleventh Amendment of the United States Constitution and Federal Rule of Civil Procedure 12(b)(1), (5), and (6).

### INTRODUCTION

This case is a frivolous attempt to overturn the January 2021 runoff election of Georgia's two United States Senators.  Indeed, this case completely lacks any

basis in the law, and thus, there is no reason for this Court to seriously entertain Swanson's claims.[1] Instead, it should be quickly dismissed.

As a threshold issue, Swanson has failed to properly serve the State of Georgia in accordance with Federal Rule of Civil Procedure 4(j), and therefore, his complaint should be dismissed pursuant to Rule 12(b)(5).  Specifically, Swanson only served the Georgia Attorney General by mailing him a copy of the summons and complaint through certified mail.  This, however, is not proper service under either Rule 4(j) or Georgia law.

Swanson's complaint is also barred by the Eleventh Amendment.  Swanson has named the State of Georgia as a defendant seeking retrospective relief to undo the completed and certified election of Georgia's two United States Senators. However, the Eleventh Amendment forbids suits such as this against a State in federal court.

In addition to improper and invalid service of process and 11th Amendment immunity, this Court lacks jurisdiction to consider Plaintiffs' claims against the State of Georgia. First, Swanson lacks standing to bring this suit, as he has not alleged that he suffered an injury in fact, such injury was traceable to the State of

---

[1] This is not Swanson's first frivolous complaint that he has filed in the district court for the Southern District of Georgia.  *See Swanson v. United States*, U.S. Dist. Ct. for the S.D. Ga. case no. 1:19-cv-00013-JRH-BKE, docs. 1, 15 (2019) (Swanson arguing that his income as a teacher was not taxable).  In fact, after the district court dismissed his last case and explained that it was frivolous, *id.*, docs. 15, Swanson appealed to the 11th Circuit, which not only affirmed the district court, but also sanctioned Swanson $8,000 for bringing a frivolous appeal to its doorsteps. *Swanson v. United States*, 799 Fed. Appx. 668, 671-72 (11th Cir. 2020).

Georgia, and that this Court can redress any injury. Second, the election of Georgia's two United States Senators is moot because the election has since been certified and the two Georgia Senators have been sworn in, thus leaving this Court with no ability to grant relief.

Finally, even if this Court had jurisdiction, which it obviously does not, then Swanson has failed to allege a claim upon which relief can be granted. Swanson's complaint is lacking in any basis in the law. In fact, in supporting his claims, he relies on portions of the constitution amended substantively well over 100 years ago, applicable to every state in the United States, through the ratification of the Seventeenth Amendment.

Accordingly, this Court must dismiss Plaintiffs complaint.

## FACTUAL BACKGROUND

In Swanson's *pro se* complaint he alleges that "[t]he State of Georgia cannot impose upon [him] the State's constitutional duty to select the State's United States Senators." (Complaint at 5). He says that he does not have the constitutional authority to choose who Georgia's Senators should be, and therefore, the election of Jon Ossof and Raphael Warnock to the United States Senate was unconstitutional and void. (*Id*.).

In support of these frivolous claims, Swanson recites Article 1, Section 3 of the United States Constitution stating that the senate shall be "chosen by the legislature," not by a popular election. (*Id*.). Swanson briefly acknowledges the Seventeenth Amendment, which altered how U.S. Senators are elected, but claims

3

that Georgia did not ratify the Seventeenth Amendment, and thus, did not consent
to being deprived of "its equal suffrage" in the Senate in accordance with Article 5 of
the Constitution.  (*Id*.). For these alleged wrongs, Swanson asks this Court to void
Georgia's senate election, which was certified on January 19, 2021, and order the
Georgia State Legislature to choose two Senators to represent the State, (*Id*.)—a
process which has not been used since 1912.

## ARGUMENT AND CITATION OF AUTHORITIES

### I.   Swanson Failed to Properly Serve the State of Georgia and his Complaint Should Be Dismissed for Insufficient Service of Process Pursuant to Rule 12(b)(5).

Swanson's complaint only names the State of Georgia as a Defendant.
(Complaint at 2).  He attests that he served the State of Georgia by mailing the
summons and the complaint via certified mail to the Georgia Attorney General.
(Doc. 5).  This, however, is not proper service under Rule 4, and this Court should
dismiss his complaint for insufficient service of process.

"Service of process is a jurisdictional requirement: a court lacks jurisdiction
over the person of a defendant when that defendant has not been served." *Pardazi
v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990).  Rule 4 states that
when bringing a claim against a State, the Plaintiff must serve the State by "(A)
delivering a copy of the summons and of the complaint to its chief executive officer;
or (B) serving a copy of each in the manner prescribed by the state's law for serving
a summons or like process on such a defendant."  Fed. R. Civ. P. 4(j)(2)(A)-(B).
Under Georgia law, service on a public body or organization, such as the state, is

made by serving the chief executive officer or clerk thereof. *See* O.C.G.A. § 9-11-4(e)(5).

"Rule 4 does not authorize service through certified mail unless such service is permitted under the laws of the state where the district court is located . . . or the state where service is made[.]" *Bufkin v. Scottrade, Inc.*, 812 F. App'x 838, 844 (11th Cir. 2020) (per curiam) (unpublished) (citing Fed. R. Civ. P. 4(d) and (e)(1)). Georgia law does not allow for service on a state or local government entity by mail. *Camp v. Coweta Cty.*, 280 Ga. 199, 201 n.2 (2006) (stating that "[m]ailing a copy of petition or complaint does not constitute service of process.') (citing OCGA § 9-11-4; *Stallings v. Stallings*, 127 Ga. 464, 468 (1907); *Gormong v. Cleveland Elec. Co.*, 180 Ga. App. 481 (1986)); *see also Cambridge Mut. Fire Ins. Co. v. City of Claxton*, 720 F.2d 1230, 1232 (11th Cir. 1983) (holding that service on a city by mail was defective because both Rule 4 and the Georgia statute require personal service); *Colclough v. Gwinnett Pub. Schs.*, 734 F. App'x 660, 662 n.2 (11th. Cir. 2018) (*per curiam*) (unpublished) (noting that neither Rule 4(j)(2) nor O.C.G.A. § 9-11-4(e)(5) allows for service by mail).

Here, Swanson failed to follow the proper service procedures in two regards. First, he failed to serve the Governor, *i.e.*, the State's Chief Executive Officer. Instead he attempted to serve the State of Georgia by mailing the summons and complaint to the Georgia Attorney General, which is not in accordance with the Federal Rules or Georgia law.  (Doc. 5); *See* Fed. R. Civ. P. 4(j)(2)(A)-(B); O.C.G.A. § 9-11-4(e)(5*).  And this is where he committed his second error, because neither the

Federal Rules nor Georgia law allow for service by certified mail, which is how Swanson attested to serving the State of Georgia. *Camp*, 280 Ga. at 201 n.2; *Cambridge Mut. Fire Ins. Co.*, 20 F.2d at 1232; *Colclough*, 734 F. App'x at 662 n.2. Instead, service must be effectuated personally. *Id*. Accordingly, because the State of Georgia was not properly served, Swanson complaint should be dismissed.

## II.   **Swanson Claims are Barred by the Eleventh Amendment.**

Swanson's claims are asserted against the State of Georgia, which are barred by the Eleventh Amendment. (Complaint at 2). "The Eleventh Amendment grants a State immunity from suit in federal court by citizens of other States, U.S. Const., Amdt. 11, and by its own citizens as well." *Lapides v. Bd. of Regents*, 535 U.S. 613, 616 (2002). Here, Swanson has named the State itself, so the 11th Amendment bar is clearly applicable.

Even if Swanson were to claim that his complaint was inartfully pled and he intended to invoke the exception to 11th Amendment immunity under *Ex parte Young*, 209 U.S. 123 (1908), such leeway is limited to suits against state officers for prospective injunctive relief. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n. 24 (1997). Otherwise, "[a] federal court cannot award retrospective relief, designed to remedy past violations of federal law." *Id*.

Swanson's complaint seeks to void the January 2021 Georgia Senate Runoff Election by suing the State of Georgia. (Complaint at 5). Therefore, his relief is premised on conduct of that election, which has already taken place, and thus, is barred because his relief is retrospective in nature. "Retrospective relief is

backward-looking, and seeks to remedy harm 'resulting from a past breach of a legal duty on the part of the defendant state officials.'" *Seminole Tribe of Fla. v. Fla. Dep't of Revenue*, 750 F.3d 1238, 1249 (11th Cir. 2014) (quoting *Edelman v. Jordan*, 415 U.S. 651, 668 (1974)). "Simply because the remedy will occur in the future, does not transform it into 'prospective' relief. The term, 'prospective relief,' refers to the ongoing or future threat of harm, not relief." *Fedorov v. Bd. of Regents*, 194 F. Supp. 2d 1378, 1387 (S.D. Ga. 2002).  Therefore, this Court should dismiss Swanson's claims against the State of Georgia as barred by the Eleventh Amendment.

## III.    This Court Lacks Subject Matter Jurisdiction.

### A.    Swanson lacks standing.

Setting aside the lack of proper service and 11th Amendment immunity that are fatal to his complaint, Swanson lacks standing to bring the claims contained in his complaint. Federal courts have an independent obligation to ensure that subject-matter jurisdiction exists before reaching the merits of a dispute. *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1245 (11th Cir. 2020) (vacating and ordering dismissal of voting rights case due to lack of standing). "If at any point a federal court discovers a lack of jurisdiction, it must dismiss the action." *Id.*

Article III of the Constitution limits the subject-matter jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2. A party invoking federal jurisdiction bears the burden of establishing standing at the commencement of the lawsuit. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). As an irreducible constitutional minimum, Plaintiffs must demonstrate a "[1] concrete,

7

particularized, and actual or imminent [harm]; [2] fairly traceable to the challenged action; and [3] redressable by a favorable ruling." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010); *see also Lujan*, 504 U.S. at 561.  Additionally, as the party invoking federal jurisdiction, Plaintiffs bear the burden at the pleadings phase of "clearly alleg[ing] facts demonstrating each element." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

### 1.    Swanson has not clearly alleged an injury in fact.

Injury in fact is the "first and foremost" of the standing elements. *Id*. at 1547. An injury in fact is "an invasion of a legally protected interest that is both concrete and particularized and actual or imminent, not conjectural or hypothetical." *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 996 (11th Cir. 2020).  "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560). The alleged injury must be "distinct from a generally available grievance about government." *Gill v. Whitford*, 138 S. Ct. 1916, 1923 (2018). This requires more than a mere "keen interest in the issue." *Trump v. Hawaii*, 138 S. Ct. 2392, 2416 (2018); *see also Lance v. Coffman*, 549 U.S. 437, 440-41 (2007) ("Our refusal to serve as a forum for generalized grievances has a lengthy pedigree . . . [A] generalized grievance that is plainly undifferentiated and common to all members of the public" is not sufficient for standing).

Swanson cannot show, and has not alleged, that he has been harmed at all. In fact, Swanson does not even allege that he suffered an injury whatsoever, but rather, only states in a conclusory manner unsupported by coherent legal or factual support that the Georgia Senate Runoff Election was unconstitutional and void, and that the State of Georgia was deprived of its suffrage in the Senate without its consent.  (*See generally* Complaint).  If anything can be gleaned from Swanson's complaint in terms of an injury, it is that the State of Georgia was injured (which is certainly not the case), not himself.

To the extent that it can be inferred that Swanson claims to be injured due to an unconstitutional election of Georgia Senators, such an alleged injury is not an injury particularized to Swanson that is "distinct from a generally available grievance about government." *Gill*, 138 S. Ct. at 1923.   This is because the claims that Swanson raises can be raised by any Georgia citizen, which is insufficient for standing purposes.  *See Lance*, 549 U.S. at 440-41 (holding that "a generalized grievance that is plainly undifferentiated and common to all members of the public" is not sufficient for standing).  Furthermore, Swanson's claims are, in essence, nothing more than a claim that the government did not follow the law—or at least law he thinks is applicable—which is still insufficient to establish standing.  As the Eleventh Circuit recently held in *Wood v. Raffensperger,* a claim that the government has not followed the law, without more, is a generalized grievance, because any voter can raise it. 981 F. 3d 1307, 1314 (11th Cir. 2020).  Accordingly, Swanson has failed to allege an injury in fact.

9

**2.     Any perceived injury Swanson believes he has suffered is not traceable to the State of Georgia.**

Not only has Swanson failed to demonstrate, or allege, an injury in fact, he cannot satisfy the causation requirement of standing, which requires there to be "a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560 (quotation omitted). Swanson, offers no credible explanation as to how any injury he claims to have suffered would be traceable to any action of the State of Georgia, especially considering that the election of its two senators was done in accordance with the United States Constitution as amended by the Seventeenth Amendment, as discussed *infra*. Therefore, the State of Georgia could not have caused an injury to Swanson, nor can any injury be traceable to the State of Georgia to support Article III standing.

Accordingly, Swanson lacks standing to bring claims against the State of Georgia, and this Court should dismiss them.

**B.     Swanson's claims are moot.**

Due to the certification of the January 2021 Georgia Senate Runoff Election and the swearing in of the two winners in the U.S. Senate, Swanson's claims are moot. A case is moot when it "no longer presents a live controversy with respect to which the court can give meaningful relief." *Troiano v. Supervisor of Elections in Palm Beach Cty.*, Fla., 382 F.3d 1276, 1282 (11th Cir. 2004). Mootness is jurisdictional—because a federal court may only adjudicate cases and controversies,

10

and a ruling that cannot provide meaningful relief is an impermissible advisory opinion. *Id*.

The Eleventh Circuit recently held in *Wood* that a federal challenge to the certification of the 2020 Presidential Election results in Georgia were moot. The Court reasoned that "'[w]e cannot turn back the clock and create a world in which' the 2020 election results are not certified." *Wood*, 981 F.3d at 1317 (quoting *Fleming v. Gutierrez*, 785 F.3d 442, 445 (10th Cir. 2015)).  Accordingly, the same principles that the 11th Circuit applied in *Wood* with regard to attempts to overturn the 2020 presidential election after it had already been certified applies to this case, as the Court "cannot prevent what has already occurred." *De La Fuente v. Kemp*, 679 F. App'x 932, 933 (11th Cir. 2017).

While Swanson seeks to have the 2021 Senate Runoff election declared void after it has already been certified and the senators sworn in, he cites no authority whatsoever to support the notion that this Court could order such relief.  If Swanson believed that the Senate election was invalid, Georgia provides an adequate remedy at law by setting forth the procedures for a state law election contest to be initiated in the Superior Court of Fulton County. *See* O.C.G.A. §§ 21-2-520, et seq.[2] However, there is simply no precedent for a federal court to issue the

---

[2] The fact that the time for filing such a contest has passed and Swanson cannot avail himself of that process at this juncture is due to decisions made by Swanson and does not salvage any of his claims in this action, all of which are devoid of *any* cognizable legal or meritorious argument.

relief that Swanson is asking for.  Thus, his claims are moot, and they must be dismissed by this Court.

## IV.   Swanson Has Failed to State a Claim Upon Which Relief can be Granted.

Swanson's complaint has no basis in law, and should therefore be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6). Rule 12(b)(6) authorizes a motion to dismiss all or some of the claims in a complaint on the ground that its allegations fail to state a claim upon which relief can be granted. Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  When analyzing a motion under Rule 12(b)(6), this Court assumes the factual allegations in the complaint are true and gives the plaintiff the benefit of all reasonable factual inferences.  *Hazewood v. Found. Fin. Grp., LLC*, 551 F.3d 1223, 1224 (11th Cir. 2008). Despite this, however, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Swanson alleges that the Georgia Senate Runoff election in January 2021 was unconstitutional and void because the Constitution does not allow for Senators to be elected by popular vote, but instead, they must be selected by the state legislature.  (Complaint at 5).  He claims that Georgia did not ratify the

12

Seventeenth Amendment, and thus, it did not consent to being deprived of "its equal suffrage" in the Senate in accordance with Article 5 of the Constitution.  (*Id*.).

Swanson's legal claims are completely frivolous.  It is true that United States Senate used to be composed of two senators from each State, "chosen by the Legislature thereof[.]" U.S. Const. art. I, § 3, Cl 1.  However, that process was amended over 100 years ago through the ratification of the Seventeenth Amendment in 1913, which provides that Senators from each State shall be "elected by the people."  U.S. Const. Amtd. 17.  It does not matter that Georgia did not ratify the Seventeenth Amendment, because (1) the Seventeenth Amendment was passed in accordance with Article V absent Georgia's vote and (2) once the Seventeenth Amendment was ratified it became part of the Constitution, which is the supreme law of the land that Georgia, a State in the Union, cannot simply ignore.  *See* U.S. Const. Art. VI, Cl. 2.

Nonetheless, Swanson contends that because Georgia did not ratify the Seventeenth Amendment, it did not consent to being "deprived of its equal suffrage in the Senate."  (Complaint at 5).  His rationale is that, because the term "the States" in the Constitution means "the state legislature [and] the state governments," which are represented in the senate, allowing the people to elect senators, deprives the State of its equal suffrage in the senate in violation of Article V of the Constitution.  (*Id*.).  Swanson's arguments miss the mark.

Article V of the Constitution, titled "Amendment of Constitution," authorizes and regulates amendments to the Constitution, "provided, . . . that no state, *without*

*its consent, shall be deprived of its equal suffrage in the Senate*."  U.S. Const. Art. V; *Barry v. United States*, 279 U.S. 597, 615 (1929) (quoting U.S. Const. Art. V).  The Supreme Court has stated that this last provision of Article V "constitutes a limitation upon the power of amendment," *Id*. at 616, and that it "exclude[es] any amendment which will deprive any State, without its consent, of its equal suffrage in the Senate." *Dillon v. Gloss*, 256 U.S. 368 (1921).  The Seventeenth Amendment did not deprive Georgia of its equal suffrage in the senate, as it did not take away its two senators, but rather, changed how its senators are elected.  Accordingly, Swanson fails to state a claim upon which relief can be granted, and this Court should dismiss it pursuant to Rule 12(b)(6).

## **CONCLUSION**

For the foregoing reasons, Swanson's claims against the State of Georgia must be dismissed.

Respectfully submitted, this 19th day of March, 2021.

Christopher M. Carr          112505
Attorney General

Bryan K. Webb               743580
Deputy Attorney General

/s/ Russell D. Willard
Russell D. Willard           760280
Senior Assistant Attorney General
40 Capitol Square SW
Atlanta, Georgia, 30334
rwillard@law.ga.gov
(404) 656-3300

*Attorneys for the State of Georgia*

14

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have this day electronically filed the forgoing **STATE OF GEORGIA'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT** with the Clerk of Court using the CM/ECF system, and have mailed a copy via United States first class mail, postage prepaid, to:

> Brian D. Swanson
> 1805 Prince George Ave.
> Evans, Georgia
> 30809

Dated:  March 19, 2021

<u>/s/ Russell D. Willard</u>
Russell D. Willard          760280
Senior Assistant Attorney General