IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| BRIAN D SWANSON | ) |
| | ) |
| Plaintiff, | ) Civil Action No. |
| | ) 1:21-cv-00020-JRH-BKE |
| v. | ) |
| | ) |
| STATE OF GEORGIA | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S OPPOSITION TO THE STATE OF GEORIGA'S MOTION TO DISMISS**

INTRODUCTION

Plaintiff objects to the State of Georgia's motion to dismiss. This case is not a frivolous attempt to overturn the January 2021 runoff election of Georgia's two United States Senators, but an attempt to ascertain the scope and authority of the Seventeenth Amendment to the United States Constitution: Does the Amendment apply to those States that did not ratify it? Does the Seventeenth Amendment fall within one of the Constitution's two exceptions to the ratification process described in Article V of the Constitution: "no State, without its Consent, shall be deprived of

its equal Suffrage in the Senate"? If the Seventeenth Amendment is not applicable to the State of Georgia, then the recent runoff election for Georgia's two United States Senators is unconstitutional.

## ARGUMENT

### I. Service of complaint

The Attorney General of the State of Georgia is a part of the executive branch of government and represents the Governor and the executive branch in all legal matters. Plaintiff reasoned that he was the appropriate official to receive the complaint.

Plaintiff is a pro se litigant with no formal legal training and if this Court determines that he made any technical error in the service of the complaint, then he would respectfully request an extension to properly serve the State of Georgia to cure the defect and correct the mistake.

The Eleventh Circuit has acknowledged that Plaintiff is not making an unusual request. In *Colclough v. Gwinnett County School District* (11th Cir. 2018), the Court said that Colclough, a pro se litigant, "served the School District by certified mail, which is not a proper method under the Federal Rules of Civil Procedure or Georgia law." The Court noted in the footnotes that, "Colclough was given an extension to

properly serve the School District. He filed an amended complaint on July 9, 2015, and properly served the School District four days later. This initiated the School District's legal duty to respond." Plaintiff would request a similar opportunity to correct any defect in service or the complaint if this Court determines that the service is defective.

## II.  Eleventh Amendment

Plaintiff is not a citizen of a foreign state or of another state. Plaintiff is a citizen of the State of Georgia. The Eleventh Amendment does not shield the State of Georgia from the charge that it is violating the United States Constitution. In *Lapides,* cited by the State, the Supreme Court said, "It has become clear that we must limit our answer to the context of state-law claims," and this is not a dispute regarding state law. The Eleventh Amendment is not applicable in this case.

## III.  Subject Matter Jurisdiction

Under Article III of the Constitution, federal courts can hear "all cases, in law and equity, arising under this Constitution, [and] the laws of the United States..." US Const, Art III, Sec 2. The Supreme Court has interpreted this clause broadly, finding that it allows federal courts to hear any case in which there is a federal

ingredient. *Osborn v. Bank of the United States*, 22 U.S. 738 (1824). This case is a dispute to determine if the Seventeenth Amendment is valid in the State of Georgia, and whether the State of Georgia is violating the Constitution, therefore, this Court has the authority and jurisdiction to hear it.

Supporting and defending the Constitution is the duty of all American citizens and public officials. As a naval officer, Plaintiff swore an oath to defend the Constitution, which reads in part:

> YOU SOLEMNLY SWEAR (OR AFFIRM) THAT YOU WILL SUPPORT AND DEFEND THE CONSTITUTION OF THE UNITED STATES AGAINST ALL ENEMIES, FOREIGN AND DOMESTIC

The State of Georgia is recruiting Plaintiff to violate the Constitution by casting an unconstitutional vote, which is an injury to his duty as an American citizen and a violation of his oath he swore as a naval officer, an oath to which he is still bound as a retired officer. The State of Georgia is the source of this injury by holding an unconstitutional election for United States Senators.

The State of Georgia argues that the case is moot because the election has already been certified. The State of Georgia is violating the Constitution, not federal law. Violating the Constitution is always a live controversy. The authorities that the State of Georgia's cited to support its mootness claim are inapplicable to this case because Plaintiff is not challenging the certification of the election. Plaintiff is challenging

the constitutionality of the election because the State of Georgia has refused to ratify the Seventeenth Amendment. The certification of an unconstitutional election cannot be a defense to overthrowing the Constitution itself. If the election is unconstitutional, then to this date, no Senators from the State of Georgia have been constitutionally selected and the controversy remains.

## IV. Failure to State a Claim

The State of Georgia is recruiting Plaintiff to violate the Constitution on the State's behalf by asking him to do what he has no constitutional authority to do. The Plaintiff does not represent the State of Georgia in its political capacity and he has no constitutional authority to elect the State's Senators.

Our federal system of government has a dual nature. In "The Federalist #39," James Madison describes our system as being partly national and partly federal, explaining the difference this way:

> The difference between a federal and national government, as it relates to the operation of the government, is supposed to consist in this, that in the former the powers operate on the political bodies composing the Confederacy, in their political capacities; in the latter, on the individual citizens composing the nation, in their individual capacities.

Our system combines the federal and national principles of government in Congress so that both the people, in their individual capacities, and the States, in their political

capacities, are represented. Both the people and the States are subject to federal law, so in a just system they must both be represented in Congress and this dual representation is accomplished by the different methods for electing the House and Senate. In #39 Madison observes:

> The House of Representatives will derive its powers from the people of America...So far the government is NATIONAL, not FEDERAL. The Senate, on the other hand, will derive its powers from the States, as political and coequal societies...So far the government is FEDERAL, not NATIONAL.

The House of Representatives is elected by the people, in their individual capacities, which represents the national principle of government. The Senate is elected by the States, in their political capacities, which represents the federal principle of government. These two principles are combined to create a just system of representation in which both the States, as political entities, and the people, as individuals, are subject to federal law. Election by the state legislature, is what is meant by the "State" or "State Government" having representation or suffrage in the Senate. In "Federalist #61," Madison explains:

> It is equally unnecessary to dilate on the appointment of senators by the State legislatures...It is recommended by the double advantage of favoring a select appointment, and of giving to the State governments such an agency in the formation of the federal government as must secure the authority of the former, and may form a convenient link between the two systems.

It is clear that "the State Government" or "State" is meant to be a constituent part of the federal system. In its brief, the State of Georgia argues that the Seventeenth Amendment did not take away Georgia's Senators, "but rather, changed how its senators are elected." This statement betrays a misunderstanding of our system of government, which combines both federal and national elements: The Amendment does take away the State's Senators. The method of election determines whether the Senators represent the people of Georgia or the State of Georgia. It would seem that the State of Georgia itself no longer understands the importance of this distinction. If the people of Georgia elect the Senators, then the people of Georgia, in their individual capacities, have two Senators, but the State of Georgia, in its political capacity, has no Senators. The people have suffrage in the Senate, but the State does not. The result of the popular election of Senators is that State of Georgia is deprived of all its suffrage in the Senate, so it follows that the State is also deprived of its equal suffrage in the Senate. The State of Georgia will have no power in Congress to resist federal encroachments on its constitutional authority and no power to resist federal mandates. According to Article V of the Constitution, the State of Georgia cannot be deprived of its suffrage, which is its power in Congress, without the State's consent. The State of Georgia did not ratify the Seventeenth Amendment and it did not consent to lose its suffrage in the Senate. Eight other States have also refused to

ratify the Seventeenth Amendment and are in a position to restore their authority: Alaska, Florida, Hawaii, Kentucky, Mississippi, South Carolina, Utah and Virginia.

The claim is simply that the State of Georgia did not ratify the Seventeenth Amendment and therefore, the Amendment has no legal force inside the State of Georgia because Article V of the Constitution requires the State's consent before it surrenders its suffrage in the Senate. The State of Georgia is violating the Constitution by choosing its United States Senators using an unconstitutional election and injuring Plaintiff by compelling him to cast an unconstitutional vote in an unconstitutional election. The relief is equally simple, declare the election unconstitutional and order the Georgia State Legislature to choose two United States Senators in accordance with the Constitution.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the State of Georgia's Motion to Dismiss be denied.

Respectfully submitted, this day of March 29, 2021.

*/s/ Brian Dean Swanson*
Brian Dean Swanson
1805 Prince George Ave
Evans, GA 30809
(831)601-0116
email: swansons6@hotmail.com

## CERTIFICATE OF SERVICE

I Hereby certify that on this 29th day of March, 2021, a copy of this reply was mailed to the following individuals by United States Postal Service:

Russell D. Willard
Senior Assistant Attorney General
40 Capitol Square SW
Atlanta, GA 30334

BRIAN D. SWANSON
Plaintiff, pro se

B. Swanson
1805 Prince George Ave
Ellens, Ga 30805

Clerk of the Court

CASE: 1:21-cv-0020-JRH-BKE