IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| BRIAN D. SWANSON, | |
| Plaintiff, | CIVIL ACTION NO.: 1:21CV00020-JRH-BKE |
| v. | |
| STATE OF GEORGIA, | |
| Defendant. | |

**RULE 26(f) REPORT**

The attorney(s) and/or unrepresented parties listed below certify that:

1) they have read the Court's Rule 26 Instruction Order entered in this case;

2) they have held a conference, in person or telephonically, pursuant to Federal Rule of Civil Procedure 26(f); and

3) they have discussed the case and jointly prepared the following Rule 26(f) Report.

Identify, for each party, the attorney(s) and/or unrepresented parties who attended the Rule 26(f) Conference, the counsel or unrepresented parties who participated in preparing the Rule 26(f) Report, and the date of the Rule 26(f) Conference:

May 25, 2021


Brian D. Swanson - Plaintiff

Russell D. Willard – counsel for Defendant State of Georgia

I. **INITIAL MATTERS:**

   A. <u>**Jurisdiction and Venue**</u>

      The defendant(s)

         ☒ does      ☐ does not

      contest jurisdiction and/or venue (for multiple defendants, identify which defendants contest jurisdiction and/or venue). If contested, such position is because:

      1) Jurisdiction:

      <u>Defendant State of Georgia contends that the Court lacks personal jurisdiction over the Defendant State of Georgia due to improper and insufficient service of process. Defendant State of Georgia further contends that the Court lacks subject matter jurisdiction over any claims that may be barred by the Defendants' immunity defenses and due to Plaintiff Swanson's lack of Article III standing.</u>

      2) Venue:

      <u>Venue is not contested in this case.</u>

   B. <u>**Immunity**</u>

      The defendant(s)

         ☒ has raised      ☐ will raise      ☐ will not raise

      an immunity defense based on:

      <u>In its Motion to Dismiss, Defendant State of Georgia raised defenses that Plaintiff's claims are barred, in whole or in part, by the Eleventh Amendment to the United States Constitution.</u>

C. **Stay of Discovery Due to Motion to Dismiss, Transfer, or Remand**

If a motion to dismiss, transfer, or remand has been or will be filed, or if any party will otherwise raise an initial defense including lack of jurisdiction, improper venue, or immunity, state whether the parties wish to delay proceeding with discovery until those issues have been decided.  If so, state (i) the earliest a motion to dismiss or transfer will be filed; and (ii) what, if any, initial discovery, limited to that issue, will be necessary to resolve the motion.

Should any party seek a stay of discovery due to the filing of a motion to dismiss, the party must file a motion to stay and state within the motion whether the other parties join in, consent to, or oppose the motion.

Defendant State of Georgia filed a Motion to Dismiss, with supporting briefing, on March 19, 2021, which is still pending before the Court, raising arguments as to lack of both personal and subject matter jurisdiction.  Defendant State of Georgia will seek a stay of discovery by a motion to stay filed contemporaneously with this Rule 26(f) report.

Plaintiff Swanson consents to the sought stay of discovery pending resolution of the Motion to Dismiss.

II. **SETTLEMENT:**

   A. **Settlement Efforts to Date**

   The parties state:

   ☒   They have not yet taken any efforts to resolve this dispute.

   ☐   They have taken efforts to resolve this dispute, and those efforts generally consisted of:

   Plaintiff Swanson seeks to invalidate completed and certified elections that took place in November 2020 and January 2021, and the officeholders whose election Plaintiff objects to have been sworn in as sitting United States Senators.  Settlement in lieu of judicial determination is not possible given the relief sought by Plaintiff Swanson.

   B. **Early Settlement Discussion**

   Counsel certify that, as required by the Rule 26 Instruction Order, they have discussed the potential for settlement between themselves and explored early involvement in alternative dispute resolution with their clients, and:

   ☒   The parties are prepared to discuss settlement with the Court at this time.

   ☐   The parties will not be prepared to discuss settlement until: ___.

   If the parties will not be prepared to discuss settlement until a later date, explain why, including what, if any, discovery the parties need in order to discuss settlement:

   There appears to be nothing that would be gained by delay or discovery that would make settlement any more likely between the parties.

**III.   INITIAL DISCLOSURES AND SCHEDULING CONFERENCE:**

  **A. Initial Disclosures**

  Rule 26(a)(1) disclosures:

  ☐ have been completed.    ☒ will be completed by **June 8, 2021**.

  Unless otherwise ordered, mandatory disclosures required by Federal Rule of Civil Procedure 26(a)(1) must be made within fourteen (14) days of the parties' Rule 26(f) Conference.  If any party is requesting additional time to provide disclosures, please explain why:

  Defendant State of Georgia, with the consent of Plaintiff Swanson, is seeking a stay of discovery and all required disclosures through a contemporaneously filed motion with the Court until fourteen days after entry of the Court's ruling on the Defendant State of Georgia's pending motion to dismiss.  Should the Court fail to grant a stay, all mandatory disclosures under Rule 26(a)(1) will be completed by June 8, 2021.

  **B. Scheduling Conference**

  As explained in the Rule 26 Instruction Order, the Court may hold a Scheduling Conference (to be attended only by counsel and any unrepresented parties) before entering a Scheduling Order.  Ordinarily, the Court will allow appearance via telephone.  If any party is requesting that the Court hold a Scheduling Conference prior to the issuance of a Scheduling Order, please state so below:

  Not applicable

  If a Scheduling Conference is necessary, it should be held no more than twenty (20) days after the submission of this Report.  Should the Court deem a scheduling conference necessary, the parties are available for a Scheduling Conference on the following dates (if any party is not available until after the 20-day time period, please explain why):

  Plaintiff Swanson is unavailable on June 29-30, 2021, and July 1, 2021
  Counsel for Defendant State of Georgia is unavailable on June 16 – 18, 2021.

5

IV.  **DISCOVERY**

Discovery will proceed more effectively and efficiently if the parties address discovery in the following sequential order:

First: Accomplishing all fact-based written discovery, inspections, and examinations under Rules 33 through 36 of the Federal Rules of Civil Procedure, as well as the subpoena of documents, electronically stored information, and other tangible things from third parties under Federal Rule of Civil Procedure 45(d)(2);

Second: Conducting discovery depositions of fact witnesses who have not been designated as experts;

Third: Making all expert disclosures; and

Fourth: Conducting all expert depositions.

**Unless the parties show good cause to proceed otherwise, the parties <u>must</u> propose discovery deadlines that follow this sequential course. In other words, absent a specific showing of good cause, the parties should not propose one deadline to accomplish all discovery measures. Rather, the parties must propose sequential deadlines by which they shall successively accomplish each of the above four areas of discovery.**

If any party proposes discovery deadlines that do not follow the sequential schedule laid out above, please state the reason(s) why.

<u>Not applicable</u>

Additionally, pursuant to Local Rule 26.1(d), the parties must complete all discovery within 140 days of the last answer of the defendants named in the original complaint. However, the Court will provide additional time upon a showing of good cause.

If any party proposes discovery deadlines that extend beyond the 140-day period, please state the reason(s) why.

<u>The parties do not seek an extension beyond the 140-day period.</u>

A. **Fact-Based Written Discovery, Inspections, and Examinations**

   i.   Written discovery, inspections, and examinations under Rules 33 through 36 of the Federal Rules of Civil Procedure will be completed by **August 6, 2021**.

  ii.   The maximum number of interrogatories, including sub-parts, which may be served by any party on any other party, is: twenty-five (25).

If any party seeks to exceed the limit of twenty-five (25) interrogatories set by Federal Rule of Civil Procedure 33(a)(1), please state why:

Not applicable

 iii.   Will any party seek to conduct any inspections of any land, premises, or other property under Federal Rule of Civil Procedure 34(a)(2) or 45(d)(2)? No

If yes, please describe the anticipated inspection(s) and state whether the inspection(s) should occur during the expert discovery period rather than during fact-based discovery.

Not applicable.

 iv.   Will any party seek to conduct any physical or mental examinations under Federal Rule of Civil Procedure 35? Not Applicable

If yes, please describe the anticipated examination(s) and state whether the examination(s) should occur during the expert discovery period rather than during fact-based discovery.

Not applicable

### B. Depositions of Non-Expert Witnesses

i. Discovery depositions of witnesses who have not been designated as experts will be completed by: **September 24, 2021**.

ii. The maximum number of depositions (including all expert and non-expert) that may be taken by a party is: ten (10).

If any party seeks to exceed the limit of ten (10) depositions set by Federal Rule of Civil Procedure 30(a)(2)(A)(i), please state why:

Not applicable.

iii. Depositions will be limited in duration by Federal Rule of Civil Procedure 30(d)(1), except the depositions of:

Not applicable

which, by agreement, shall be limited as follows:

Not applicable

C.  **Expert Discovery**

   i.   Does the plaintiff(s) anticipate designating, calling, or otherwise relying upon any expert witnesses?  No

   ii.  Does the defendant(s) anticipate designating, calling, or otherwise relying upon any expert witnesses?  Yes

   iii. Plaintiff(s) shall serve any and all expert reports required by Federal Rule of Civil Procedure 26(a)(2)(B) and any and all disclosures required by Federal Rule of Civil Procedure 26(a)(2)(C) by **September 10, 2021**.

   iv.  Defendant(s) shall serve any and all expert reports required by Federal Rule of Civil Procedure 26(a)(2)(B) and any and all disclosures required by Federal Rule of Civil Procedure 26(a)(2)(C) by **October 8, 2021**.

   v.   The parties shall conduct any and all discovery depositions of witnesses who have been designated as experts by **November 9, 2021**.

   If any party anticipates any problems regarding expert discovery or any unique circumstances that the Court should be aware of regarding expert discovery, please explain:

   Not applicable

D. **Agreed Discovery Procedures**

   i.   Unique Circumstances

Are there any facts or circumstances unique to this case that will make fact or expert discovery more difficult or more time consuming? If so, please explain such facts and circumstances and the actions the parties have agreed upon to address them:

None anticipated

   ii.   Phased Discovery

Does any party propose that discovery be limited or proceed in phases? If so, please list each party making such a proposal and briefly explain the party's proposal:

(Phased discovery denotes discovery into one issue or set of facts first and then discovery into other issues or set of facts at a later time. Phased discovery does not include addressing fact-based discovery first and expert discovery thereafter. As explained above, sequentially addressing fact-based discovery measures first and expert discovery thereafter should be the normal course.)

No party requests phased discovery.

E.  **Third-Party Discovery**

Does any party anticipate that it will request a substantial amount of discovery, including the production of documents and other tangible things, from any individual or entity that is not a party to this action?  No

If so, please describe (i) any such third party and the discovery to be sought, (ii) any difficulties the parties anticipate in obtaining discovery from the third party, and (iii) whether the third party should participate in the scheduling conference.

Not applicable

F.  **Electronically Stored Information**

By signing below, the parties certify that they have conferred together regarding the preservation and production of electronically stored information that may be relevant to the disposition of this suit as specifically required by the Rule 26 Instruction Order. The parties are prepared to discuss discovery of electronically stored information with the Court at the Rule 26 Instruction Conference.

i. Do the parties anticipate any disagreements about electronic discovery? If so, please explain:

   The parties do not anticipate any disagreements about electronic discovery.

ii. Do the parties anticipate that any special provisions are needed in the Scheduling Order with respect to electronic discovery? If so, please explain:

   The parties do not anticipate that any special provisions are needed in the Scheduling Order with respect to electronic discovery.

iii. Do the parties otherwise seek to bring any issue regarding electronic discovery to the Court's attention? If so, please explain:

   The parties do not otherwise seek to bring any issue regarding electronic discovery to the Court's attention.

G. **Privileged, Protected, and/or Confidential Communications and Information**

    The parties certify that they have conferred together regarding any documents or information withheld due to claims of privilege, confidentiality, or other protections as required by the Rule 26 Instruction Order.

  i.    Have the parties reached an agreement regarding the procedures for asserting claims of privilege, confidentiality, or protection?  <u>Yes</u>

        If so, please briefly describe such agreement:

        <u>To the extent that any party asserts that information requested in discovery is privileged, the parties agree to assert their claims of privilege in compliance with the Federal Rules of Civil Procedure. To the extent that any party asserts that information requested in discovery is confidential or deserving of other protection, the parties propose that they will jointly prepare and submit a proposed protective order for the court's consideration.</u>

  ii.    Are there terms of any agreement regarding privileged, protected, or confidential information that the parties wish to have memorialized in the Scheduling Order?

        <u>No</u>

        If so, please explain or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters.  Please include below, or in the attachment, a statement of good cause explaining the need for entry of such an order:

        <u>Not applicable</u>

  iii.    Are there any issues regarding claims of privilege, confidentiality, or protection as to which the parties have been unable to reach an agreement?

        <u>No</u>

        If so, please explain:

        <u>Not applicable</u>

H.  **Protected Health Information**

    i.    Do the parties anticipate that this case will involve an individual's medical records and/or protected health information, including any information that may be protected by the Health Insurance Portability and Accountability Act (HIPAA) and/or any state or federal privilege or protection for health information?

          No

    ii.    Has any individual whose protected health information could be relevant to this case executed a release allowing for counsel of the opposing party to obtain protected health information directly from health care providers?

          Not Applicable

    iii.    Have the parties reached any agreements regarding the protection of such information including any agreements regarding the further disclosure of such information?

          Not Applicable

    iv.    Are there terms of any agreement regarding protected health information that the parties wish to have memorialized in the scheduling order?  No

          If so, please explain or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters.  Please include below, or in the attachment, a statement of good cause explaining the need for entry of such an order:

          Not applicable

    v.    Are there any issues regarding protected health information as to which the parties have been unable to reach an agreement?  No

          If so, please explain:

          Not applicable

**V.     MOTIONS**

    **A.  Motions to Amend the Pleadings or to Add Parties**

      i.  The plaintiff(s)        ☐ does        ☒ does not

        anticipate the need to amend pleadings or add parties. Any motions to amend pleadings shall be filed by **June 8, 2021**.

      ii. The defendant(s)        ☐ does  ☒ does not

        anticipate the need to amend pleadings or add parties. Any motions to amend pleadings shall be filed by **June 8, 2021**.

        If there are multiple defendants and less than all defendants anticipate needing to amend pleadings or add parties, please indicate which defendants so anticipate:

        Not applicable

      iii. By Local Rule 16.3, all motions to amend pleadings or add parties are to be filed within sixty (60) days after the first filing of an answer. If any party is requesting more than this time, please state the reason(s) why such time is necessary.

        Defendant State of Georgia filed a motion to dismiss in lieu of an answer on March 19, 2021. Plaintiff Swanson and Defendant State of Georgia request that the time for filing such amended pleadings shall end on June 8, 2021.

    **B.  Civil Motions (Except Motions in Limine)**

      All other motions, including motions for summary judgment and motions to exclude expert testimony on *Daubert* and other grounds (but excluding motions in limine), shall be filed by: December 9, 2021.

      If any party is requesting a deadline to file motions (other than motions in limine) more than thirty (30) days after the deadline to complete discovery, please state the reason why such time is necessary:

      Not applicable

Case 1:21-cv-00020-JRH-BKE   Document 11   Filed 06/01/21   Page 16 of 16

## VII. ADDITIONAL MATTERS

Please state any other matters to which the parties stipulate and/or which the court should know or consider before entering the Scheduling Order:[1]

<u>Defendant State of Georgia, with the consent of Plaintiff Swanson, have filed a motion to stay discovery pending the court's ruling on Defendant State of Georgia's motion to dismiss.</u>

Dated: **June 1, 2021**

_____     _____
Pro Se Party (if applicable)                       Pro Se Party (if applicable)

/s/_____                /s/_____
Counsel for Plaintiff(s)                           Counsel for Plaintiff(s)

/s/_____                /s/_____
Counsel for Plaintiff(s)                           Counsel for Plaintiff(s)

/s/ Russell D. Willard                           /s/_____
Counsel for Defendant(s)                       Counsel for Defendant(s)

/s/_____                /s/_____
Counsel for Defendant(s)                       Counsel for Defendant(s)

---

[1] The parties need not include any trial-related matters in this statement. Following the motions filing deadline and the resolution of any dispositive motions, if this case is still pending, the Court will file its standard Order and Notice of Trial Preparation Requirements. After consulting with the parties, the Court will issue a Trial Preparation Scheduling Order tailored to the needs of this case. That order will set the pretrial conference and trial dates as well as deadlines for, amongst other matters, the submission of motions in limine and the joint proposed pretrial order.

16