IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| BRIAN D SWANSON, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF GEORGIA. <br><br> Defendant. | Civil Action No.: <br> 1:21-cv-00020-JRH-BKE |

**STATE OF GEORGIA'S BRIEF IN SUPPORT OF ITS
UNOPPOSED MOTION TO STAY DISCOVERY**

The State of Georgia, through Counsel, and pursuant to Fed. R. Civ. P. 26(b)(2)(C)(iii) and Fed. R. Civ. P. 26(d), submits this brief in support of its Unopposed Motion to Stay Discovery.

## INTRODUCTION

Swanson filed his pro se complaint on February 5, 2021, which seeks to overturn the January 2021 runoff election of Georgia's two United States Senators. Therein, Swanson alleged that "[t]he State of Georgia cannot impose upon [him] the State's constitutional duty to select the State's United States Senators." (Doc. 1 at 5). He says that he does not have the constitutional authority to choose who Georgia's Senators should be, and

therefore, the election of Jon Ossof and Raphael Warnock to the United States Senate was unconstitutional and void. (*Id*.).

In support of these claims, Swanson recites Article 1, Section 3 of the United States Constitution stating that the senate shall be "chosen by the legislature," not by a popular election. (*Id*.). Swanson briefly acknowledged the Seventeenth Amendment, which altered how U.S. Senators are elected, but claims that Georgia did not ratify the Seventeenth Amendment, and thus, did not consent to being deprived of "its equal suffrage" in the Senate in accordance with Article 5 of the Constitution. (*Id*.). For these alleged wrongs, Swanson asks this Court to void Georgia's senate election, which was certified on January 19, 2021, and order the Georgia State Legislature to choose two Senators to represent the State, (*Id*.)—a process which has not been used since 1912.

The State moved to dismiss Swanson's complaint, and submitted a brief in support on March 19, 2021. (Docs. 7 and 8). The State argued that, as a threshold issue, Swanson failed to properly serve the State of Georgia in accordance with Federal Rule of Civil Procedure 4(j), and therefore, his complaint should be dismissed pursuant to Rule 12(b)(5). Specifically, Swanson only served the Georgia Attorney General by mailing him a copy of the summons and complaint through certified mail. This, however, is not proper service under either Rule 4(j) or Georgia law. The State further

argued that the complaint was barred by the Eleventh Amendment, because Swanson named the State of Georgia as a defendant seeking retrospective relief to undo the completed and certified election of Georgia's two United States Senators. However, the Eleventh Amendment forbids such suits against a State in federal court.

In addition to improper and invalid service of process and 11th Amendment immunity, the State also argued that this Court lacks jurisdiction to consider Swanson's claims against the State of Georgia. This is because Swanson lacks standing to bring this suit, as he has not alleged that he suffered an injury in fact, such injury was traceable to the State of Georgia, and that this Court can redress any injury. Furthermore, the State argued that the election of Georgia's two United States Senators is moot because the election has since been certified and the two Georgia Senators have been sworn in, thus leaving this Court with no ability to grant relief.

Finally, the State contended that, even if this Court had jurisdiction, Swanson failed to allege a claim upon which relief can be granted, as Swanson's complaint is lacking in any basis in the law. In fact, in supporting his claims, Swanson relied on portions of the constitution amended substantively well over 100 years ago, applicable to every state in the United States, through the ratification of the Seventeenth Amendment.

Swanson responded to the State's motion to dismiss wherein he argue that (1) he believed he properly served the state, but if he did not, he would ask the court for time to cure the mistake; (2) the Eleventh Amendment does not apply because the dispute does not involve an issue of state law; (3) this Court has subject matter jurisdiction because the case asks whether the Seventeenth Amendment is valid in Georgia; (4) this case is not moot because Georgia is violating the constitutional, which he argues is always a live controversy; and (5) he stated a claim upon which relief can be granted because the State of Georgia did not ratify the Seventeenth Amendment, and thus, it has no legal force in Georgia.  (*See generally* Doc. 9 at 2-8).  Swanson also identified the scope of his complaint by stating that the issue to be resolved was whether an "Amendment appl[ies] to those states that did not ratify it[,]" and "[d]oes the Seventeenth Amendment fall within one of the Constitution's two exceptions to the ratification process described in Article V of the Constitution: 'no State, without its consent shall be deprived of its equal suffrage in the Senate?'"  (Doc. 9 at 2).

As of the filing of this motion, the State's motion to dismiss is still pending.  On May 19, 2021, the Court ordered the parties to conduct a Rule 26 conference within 14 days of its order, and to file a Rule 26(f) report within 7 days of that conference.  (Doc. 10).

4

On May 25, 2021, the parties conferred telephonically. During that conference the parties agreed that this case involved only issues of law. Plaintiff consented to the Defendant State of Georgia's proposed motion to stay discovery and mandatory disclosures until such time as the Court rules upon the pending motion to dismiss and stated that he did not oppose entry of such a stay.

## ARGUMENT AND CITATION OF AUTHORITIES

"[D]istrict courts are entitled to broad discretion in managing pretrial discovery matters." *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1263 (11th Cir. 2002). "This discretion is not unfettered however." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). The Eleventh Circuit has "emphasized the responsibility of trial courts to manage pretrial discovery properly in order to avoid a massive waste of judicial and private resources and a loss of society's confidence in the courts' ability to administer justice." *Perez,* 297 F.3d at 1263 (internal quotation marks omitted). Accordingly, the Eleventh Circuit has instructed that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins[,]" because "[s]uch a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true." *Chudasama*, 123 F.3d at 1367.

In addition, the United States Supreme Court has held that a defendant who raises the issue of immunity should not be subject to the burdens of litigation before resolution of the issue. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.") (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *accord Hunter v. Bryant*, 502 U.S. 224, 227 (1991); *see also Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001) (*en banc*). As stated by the Supreme Court in *Mitchell* (speaking in the context of qualified immunity), "*Harlow* thus recognized an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law." *Mitchell*, 472 U.S. at 526.

The State's motion to dismiss challenges the jurisdiction of this Court and the legal sufficiency of the complaint and does not raise issues of fact going to the merits of the claims, (*see generally* doc.8), which, in accordance with Eleventh Circuit instructions, should be resolved before discovery begins. *Chudasama*, 123 F.3d at 1367. The motion also raises an Eleventh Immunity defense which should also be resolved before further litigation in the case. (Doc. 8 at 6-8); *See Chudasama*, 123 F.3d at 1367; *Mitchell*, 472

6

U.S. at 526.  A favorable ruling on the State's motion would render discovery unnecessary; on the other hand, proceeding with discovery before a final resolution of the immunity defenses would effectively nullify the immunity which is immunity from suit as well as from damages.  *See Mitchell*, 472 U.S. at 526 (stating that "[t]he entitlement is an immunity from suit rather than a mere defense to liability . . . .").

Thus, in the interests of efficiency and justice, and in order to avoid any further undue costs and burdens of discovery, the Court should stay discovery pending a final disposition of the State's motion to dismiss.  Without limitation, the State specifically request that the stay be made applicable to all initial filing and other deadlines, including without limitation the initial disclosure obligations and also any additional conference and reporting obligations under the Federal and Local Rules 16 and 26, and also to all claims and all parties in the action and all third-party discovery.

## **CONCLUSION**

The State respectfully request that its unopposed motion to stay discovery be granted and that the Court stay discovery, including without limitation the initial disclosure, conference and reporting obligations under the Federal and Local Rules 16 and 26 and also all third-party discovery,

pending the final resolution of its motion to dismiss including the immunity issues raised therein.

Respectfully submitted, this 1st day of June, 2021.

        Christopher M. Carr    112505
        Attorney General

        Bryan K. Webb    743580
        Deputy Attorney General

        /s/ Russell D. Willard
        Russell D. Willard    760280
        Senior Assistant Attorney General

        40 Capitol Square SW
        Atlanta, Georgia, 30334
        rwillard@law.ga.gov
        (404) 656-3300

        *Attorneys for the State of Georgia*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the forgoing **STATE OF GEORGIA'S BRIEF IN SUPPORT OF ITS UNOPPOSED MOTION TO STAY DISCOVERY** with the Clerk of Court using the CM/ECF system, and have mailed a copy via United States first class mail, postage prepaid, to:

> Brian D. Swanson
> 1805 Prince George Ave.
> Evans, Georgia
> 30809

Dated:  June 1, 2021

/s/ Russell D. Willard
Russell D. Willard            760280
Senior Assistant Attorney General