**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

| | | |
|---|---|---|
| BRIAN D. SWANSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 121-020 |
| | * | |
| STATE OF GEORGIA, | * | |
| | * | |
| Defendant. | * | |

---

**O R D E R**

---

Before the Court is Defendant's motion to dismiss.  (Doc. 7.)
For the following reasons, Defendant's motion is **GRANTED**.

**I. BACKGROUND**

Plaintiff, proceeding *pro se*, brings this frivolous action
to, in his own words, "ascertain the scope and authority of the
Seventeenth Amendment to the United States Constitution."  (Doc.
9, at 1.)  Plaintiff alleges the 2020 United States Senate election
("the Election") was unconstitutional and seeks an order declaring
the same, as well as a court order instructing "the Georgia State
Legislature to immediately choose two Senators to represent the
State in accordance with the U.S. Constitution."  (Doc. 1, at 5.)
Defendant moves to dismiss Plaintiff's claims for insufficient
service of process, lack of subject matter jurisdiction, Eleventh

Amendment immunity, and failure to state a claim.  (Doc. 8.)  For the reasons explained below, Defendant's motion is **GRANTED**.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true,[1] to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  The "factual allegations must be enough to raise a right to relief above the speculative level." Patton v. Rowell, 678 F. App'x 898, 900 (11th Cir. 2017) (per curiam) (citation omitted).

As for pro se plaintiffs, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).  "Even though a pro se complaint should be construed liberally, [it] still must state a claim upon which the

---

[1] When analyzing a motion to dismiss, the court must accept all well-pleaded facts in the complaint as true and construe all reasonable inferences therefrom in the light most favorable to the plaintiff. Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006).  Conclusory allegations, however, "are not entitled to an assumption of truth — legal conclusions must be supported by factual allegations." Randall v. Scott, 610 F.3d 701, 709-10 (11th Cir. 2010).

[c]ourt can grant relief." <u>Wilson v. Vanalstine</u>, No. 1:17-cv-615, 2017 WL 4349558, at *2 (N.D. Ga. Oct. 2, 2017) (quoting <u>Grigsby v. Thomas</u>, 506 F. Supp. 2d 26, 28 (D.D.C. 2007)).

### III. DISCUSSION

As an initial matter, Defendant correctly notes that Plaintiff failed to properly serve Defendant in accordance with FED. R. CIV. P. 4(j)(2). (Doc. 8, at 4-6.) "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." <u>Pardazi v. Cullman Med. Ctr.</u>, 896 F.2d 1313, 1317 (11th Cir. 1990). Rule 4(j)(2) requires plaintiffs to serve process on a state or local government by: "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." FED. R. CIV. P. 4(j)(2); <u>see also</u> O.C.G.A § 9-11-4(e)(5).

Here, Plaintiff purported to serve the State of Georgia by serving the Attorney General of Georgia via certified mail. (Doc. 5.) This was improper for two reasons. First, the Chief Executive of the State of Georgia is the Governor of Georgia, not the Attorney General. <u>See</u> GA. CONST. art. V, § II, para. 1. Plaintiff undisputedly failed to serve the Governor. Second, neither Rule 4 nor Georgia law allows service by certified mail. <u>See</u> <u>Thorpe v.</u>

3

<u>Dumas</u>, 788 F. App'x 644, 647 (11th Cir. 2019) ("Rule 4 does not authorize service of process through the mail. Nor does Georgia law.") <u>See also</u> <u>Camp v. Coweta Cnty.</u>, 625 S.E.2d 759 (Ga. 2006), <u>and</u> O.C.G.A. § 50-21-35. Thus, the Court lacks jurisdiction to hear the case.

Plaintiff, citing <u>Colclough v. Gwinnett Pub. Schs.</u>, 734 F. App'x 660 (11th Cir. 2018), requests leave to correct his method of service. In <u>Colclough</u>, the Eleventh Circuit upheld the denial of a motion for summary judgment because service by certified mail "is not a proper method [of service] under the Federal Rules of Civil Procedure or Georgia law." 734 F. App'x at 662. Plaintiff correctly notes that the *pro se* Plaintiff in <u>Colclough</u> was given an extension of time to correct his improper service. <u>Id.</u> at n.2. Plaintiff here, however, is not entitled to such an extension.[2]

---

[2] A plaintiff must serve a defendant "within 90 days after the complaint is filed." FED. R. CIV. P. 4(m). "[U]nder Fed. R. Civ. P. 4(m), a plaintiff's failure to timely perfect service of process may be excused for 'good cause.'" <u>Horenkamp v. Van Winkle & Co.</u>, 402 F.3d 1129, 1130 (11th Cir. 2005). "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." <u>Lepone-Dempsey v. Carroll Cnty. Comm'rs</u>, 476 F.3d 1277, 1281 (11th Cir. 2007) (citation omitted). Plaintiff asserts that he reasoned the Attorney General was "the appropriate official to receive the complaint" because he "is a part of the executive branch of government and represents the Governor and the executive branch in all legal matters." (Doc. 9, at 2.) Plaintiff further notes he "is a pro se litigant with no formal legal training." (<u>Id.</u>) Even still, Plaintiff's negligence is insufficient to constitute good cause. While the Court liberally construes *pro se* pleadings, "*pro se* status in civil litigation generally will not excuse mistakes [a plaintiff] makes regarding procedural rules." <u>Anderson v. Osh Kosh B'Gosh</u>, 255 F. App'x 345, 348 n.4 (11th Cir. 2006). Further, the Court declines to exercise its discretion to extend the time for service in the absence of good cause. <u>See</u> FED. R. CIV. P. 4(m); <u>see also</u> <u>Horenkamp</u>, 402 F.3d at 1132

4

Even if an extension was granted and service was corrected, Plaintiff would still lack standing to bring his claim. "Standing is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005); see also Austin & Laurato, P.A. v. United States, 539 F. App'x 957, 960 (11th Cir. 2013) ("An essential prerequisite to a federal court's power to entertain a suit is an Article III case or controversy"), cert. denied, 571 U.S. 1201 (2014). "In the absence of standing, a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims." Bochese, 405 F.3d at 974.

The party invoking federal jurisdiction — in this case, Plaintiff — bears the burden of establishing standing. Bischoff v. Osceola Cnty., 222 F.3d 874, 878 (11th Cir. 2000) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992)). "Each element of standing must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." Id. (quotation omitted). Thus, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to

_____

(holding "that Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause.")

dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." Lujan, 504 U.S. at 561 (citation and quotations omitted); see also Bischoff, 222 F.3d at 878 ("[W]hen standing becomes an issue on a motion to dismiss, general factual allegations of injury resulting from the defendant's conduct may be sufficient to show standing.")

> The three requirements for Article III standing are familiar: the plaintiff must allege that he suffered an 'injury in fact' that is 'concrete and particularized' and 'actual or imminent'; that injury must be 'fairly traceable to the challenged action of the defendant'; and it must be 'likely . . . that the injury will be redressed by a favorable decision.'

Cordoba v. DIRECTV, LLC, 942 F.3d 1259, 1268 (11th Cir. 2019) (quoting Lujan, 504 U.S. at 560-61).

Plaintiff here has failed to allege a sufficient injury. "A 'concrete' injury must be 'de facto' - that is, it must be 'real, and not abstract.'" Trichell v. Midland Credit Mgmt., Inc., 964 F.3d 990, 996 (11th Cir. 2020) (citation omitted). Plaintiff has not alleged any injury at all. Rather, Plaintiff seeks an advisory opinion about the meaning of the word "State" in the Constitution. Such a request is not properly before the Court, and Plaintiff therefore lacks standing to bring his claims.[3] See, e.g., Gill v.

---

[3] Because Plaintiff lacks standing to bring this suit, the Court declines to address whether Defendant is entitled to sovereign immunity under the Eleventh

6

<u>Whitford</u>, 138 S. Ct. 1916, 1923 (2018) (holding that "[a] plaintiff seeking relief in federal court must . . . [have] a personal stake in the outcome . . . distinct from a generally available grievance about government) (internal citations and quotations omitted)). At best, Plaintiff's claim is a generalized grievance about government.   <u>See</u> <u>id.</u>   Accordingly, Plaintiff's claims are **DISMISSED**.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss (Doc. 7) is **GRANTED** and this matter **SHALL BE DISMISSED**.   The Clerk is **DIRECTED** to **TERMINATE** all pending motions and deadlines, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 20ᵗʰ day of January, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

Amendment.   Further, the Court lacks jurisdiction to determine the merits of Plaintiff's claims and accordingly declines to do so.

7